# In re Theodore M. MINKOVA, beneficiary, as child of the widow of Milko Nikodov Mankov

## File A77 433 508 - Nebraska Service Center

*Decided as amended December 1, 1999*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

There is no provision in the Immigration and Nationality Act for a widow or widower to file a Petition for Amerasian, Widow(er), or Special Immigrant (Form I-360) on behalf of a child; however, under 8 C.F.R. § 204.2(b)(4) (1999), the child may be eligible for derivative classification as an immediate relative and may accompany or follow to join the principal alien (widow or widower) to the United States, if the principal alien includes the child in a visa petition filed pursuant to section 204(a)(1)(A)(ii) of the Act, 8 U.S.C. § 1154(a)(1)(A)(ii) (1994).

Bart Klein, Esquire, Seattle, Washington, for beneficiary

Terry A. Smith, Assistant Central Regional Counsel, for the Immigration and Naturalization Service

Before: Board Panel: HOLMES, GUENDELSBERGER, and JONES, Board Members.

HOLMES, Board Member:

ORDER:

PER CURIAM. In a decision dated January 21, 1999, the Nebraska Service Center ("NSC") director denied the Petition for Amerasian, Widow(er), or Special Immigrant (Form I-360), which sought to classify the child of a widow of a United States citizen as an immediate relative under section 201(b)(2)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1151(b)(2)(A)(i) (1994). The petitioner, the child's mother, appealed from that decision.

---

[1] On our own motion, we amend the September 27, 1999, order in this case. The amended order makes editorial changes consistent with designating the case as a precedent.

The NSC director denied the petition on the ground that there is no provision under the Act to confer immigration status on the child of a widow of a United States citizen through the filing of Form I-360. On appeal, it is argued that the NSC director did not adequately consider the entirety of the language of section 201(b)(2)(A)(i) of the Act. It is also argued that such a filing is necessary because the "immediate relative" category does not have derivatives, and that the beneficiary "needs to be petitioned or self-petitioned."

We agree with the NSC director's decision to deny the petition. Section 201(b)(2)(A)(i) of the Act provides in pertinent part as follows:

> In the case of an alien who was the spouse of a citizen of the United States for at least 2 years at the time of the citizen's death . . . , the alien (and each child of the alien) shall be considered, for purposes of this subsection, to remain an immediate relative after the date of the citizen's death *but only if the spouse files a petition under section 204(a)(1)(A)(ii) within 2 years after such date* and only until the date the spouse remarries.  (Emphasis added.)

Further, the implementing regulations do not provide for the filing of a Form I-360 on behalf of the child of a widow or widower. *See* 8 C.F.R. § 204.2(b) (1999).  The record before us does not reflect whether or not the spouse (widow) has filed a petition under section 204(a)(1)(A)(ii) of the Act, 8 U.S.C. § 1154(a)(1)(A)(ii) (1994).  Accordingly, the petition before us was properly denied.

We note, however, that, contrary to the argument of petitioner's counsel, the controlling regulations expressly provide in pertinent part as follows:

> A child of an alien widow or widower classified as an immediate relative is eligible for derivative classification as an immediate relative. Such a child may be included in the principal alien's immediate relative visa petition, and may accompany or follow to join the principal alien to the United States.

8 C.F.R. § 204.2(b)(4).  Thus, a child does not need a separate visa petition filed on his or her behalf, because the child of an alien widow or widower is eligible for derivative classification.

Accordingly, the appeal is dismissed.